UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                             )
UNITED STATES OF AMERICA,           )
                                                             )
         v.                                              )     Criminal No. 04-0082 (PLF)
                                                             )
ROGER JAMES SULLIVAN,                )
                                                             )
                Defendant.                          )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Roger James Sullivan's motion for release pending appeal pursuant to 18 U.S.C. § 3143(b).  On November 24, 2004, the defendant entered a conditional guilty plea to one count of possession of child pornography in violation of 18 U.S.C. § 2252A.  The defendant conditioned his plea on his right to challenge the constitutionality of the statute under which he was indicted, and the Court heard oral argument on his motion to dismiss the indictment on December 22, 2004.  The Court denied defendant's motion that same day.  On September 16, 2005, the Court sentenced Mr. Sullivan to thirty months' incarceration followed by two years' supervised release.  The defendant filed his notice of appeal and now seeks release pending appeal.

The United States Code provides that the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds . . . that the person is not likely to flee or pose a danger to the community . . . and that

the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) a reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). Because the Court does not believe that defendant's appeal from his sentence will raise a substantial question of law or fact likely to lead to a reversal of his conviction or a reduction in his sentence, the Court denies defendant's motion.

      Mr. Sullivan contends that he has raised a substantial issue of law on appeal, namely, that the statute under which he was convicted is unconstitutional as applied. He maintains that the statute is an unconstitutional exercise of Congress' authority to regulate interstate commerce under the Commerce Clause. More specifically, he argues that the statute does not satisfy the Supreme Court's requirements under United States v. Lopez, 514 U.S. 549 (1995), because Congress' power under the Commerce Clause extends only to three things: first, the use of channels of interstate commerce; second, the instrumentalities of interstate commerce or persons or things in interstate commerce; and third, those activities that substantially affect interstate commerce. Focusing on the third category of activities laid out in Lopez, and analyzing the statute under the Supreme Court's decision in United States v. Morrison, 529 U.S. 598 (2000), Mr. Sullivan maintains that the conduct to which he pled guilty did not substantially affect interstate commerce. He argues that the connection between interstate commerce and the possession of child pornography that has passed through interstate commerce (in this case, the Internet) is too attenuated to show that such possession affects interstate commerce. He maintains, therefore, that 18 U.S.C.

§ 2252A is likely to be held unconstitutional by the court of appeals, resulting in the reversal of his conviction.

Mr. Sullivan's current motion for release pending appeal is based on the same question of law that he raised in his post-plea motion to dismiss the indictment in 2004, an argument that relies in great part on the Eleventh Circuit's decision in United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004).[1]  This Court was unpersuaded by the Maxwell analysis in 2004 and remains unpersuaded today.  As the Court stated at the time of the motions hearing:  "Because the images in question have clearly and admittedly traveled over the Internet, there is no question in [the Court's] mind that 18 United States Code 2252A(a)(5)(B) is a constitutional exercise of Congress' power under the Commerce Clause."  Transcript of December 22, 2004 Hearing ("Dec. 22, 2004 Trans.") at 27. "[U]nlike Maxwell, the things involved [here] were [themselves] in interstate commerce, thus satisfying the second prong of Lopez."  Id.

Mr. Sullivan admitted in his proffer at the time of his plea that he knowingly possessed images that had passed through the Internet and came from as far away as Europe, "demonstrat[ing] that the contraband itself traveled in interstate commerce, [and] that the defendant brought the images into the District using interstate channels."  Dec. 22, 2004 Trans. at 29, 30.  The defendant in Maxwell, by contrast, was not shown to have possessed any images that passed through interstate commerce, only computer disks that had passed

---

[1] Maxwell recently was vacated and remanded to the Eleventh Circuit by the Supreme Court based on its ruling in another case.  See United States v. Maxwell, 126 S.Ct. 321 (Oct. 3, 2005).  Acknowledging that Maxwell was not binding on this Court before or after it was remanded, the defendant nevertheless continues to rely on its rationale and the arguments previously made in his motion to dismiss.

through interstate commerce on which disks he thereafter saved his child pornography. See id. at 28. Even if Maxwell were correctly decided, the Court therefore believes that application of the statute to Mr. Sullivan was wholly constitutional under the circumstances presented. "[W]here the pornography in question originated in another state or another country and the Internet was used," the second prong of Lopez is satisfied and the Commerce Clause is not violated. Dec. 22, 2004 Trans. at 30.

The Court also rejects defendant's contention under the third prong of Lopez that the nexus between simple possession of commercial pornography and interstate commerce is too attenuated to show a substantial effect on interstate commerce. Again, as stated at the motions hearing, the Court agrees with the Second Circuit's decision in United States v. Holston, 343 F.3d 86 (2d Cir. 2003), and the Ninth Circuit's decision in United States v. Adams, 343 F.3d 1024 (9th Cir. 2003), upholding this statute in part based on the nexus shown between possession of commercial child pornography and the interstate commercial child pornography market that Congress seeks to regulate. See Dec. 22, 2004 Trans. at 30, 32-36. For these reasons and those given above, it is hereby

ORDERED that the defendant's motion for release pending appeal is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 7, 2005